UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBIN BRUHJELL BRASS,                    :
                                         :
            Petitioner,                  :
                                         :
V.                                       :        CASE No. 3:14-cv-1312(RNC)
                                         :
UNITED STATES,                           :
                                         :
            Respondent.                  :

RULING AND ORDER

Petitioner Robin Bruhjell Brass, a federal inmate, brings
this action under 28 U.S.C. § 2255 seeking to vacate her
conviction and sentence.  She claims that she has been deprived
of her rights to due process, effective assistance of counsel and
freedom from cruel and unusual punishment under the Fifth, Sixth
and Eighth Amendments.  The Government contends that the claims
should be dismissed without a hearing because they are without
merit, were rejected on appeal, or have been waived.  I agree and
therefore deny the petition.

I. Background

In 2012, petitioner pleaded guilty to mail fraud in
violation of 18 U.S.C. § 1341.  See United States v. Brass, No.
3:11-cr-224(RNC).  She admitted to taking money from victims,
promising to invest it, and instead using it to pay her personal
expenses and make "lulling payments" to other victims.  The

1

Government's case against her included evidence that she induced vulnerable victims to entrust her with their savings by befriending them and convincing them she had a record of producing better results than other investment firms.  She claimed to use sophisticated, proprietary strategies and employ traders around the world.  She told her victims her investment fund was insured against loss.  None of this was true.  To keep the scheme going, she provided victims with fabricated account statements showing their investments had grown.  When state regulators began an investigation, she tried to stop victims from complaining by threatening to declare bankruptcy if anyone spoke up.  After she was indicted, her appointed counsel negotiated a plea agreement with the Government.  The agreement stipulated to a loss amount of more than $1 million and stated that petitioner understood the Government intended to seek enhancements at sentencing.

Prior to and during the sentencing hearing, petitioner maintained that she did not intend to operate a Ponzi scheme. She claimed that she had simply made bad personnel decisions; at one point she even suggested that her victims would be wise to invest with her again in the future.  Several victims testified

to the devastating impact of petitioner's fraudulent conduct: she took one couple's entire life savings and an elderly parent's trust account, and she left another couple in a dire financial position after taking the entirety of an insurance settlement they needed to pay medical bills.  After enhancements for abuse of trust, vulnerable victims and obstruction, and a reduction for acceptance of responsibility, the advisory guideline range suggested a sentence of imprisonment of 63 to 78 months. Assessing the factors relevant to a sentencing determination under 18 U.S.C. § 3553(a), I thought a sentence within that range would be insufficient to reflect the aggravated nature of petitioner's criminal conduct, the nature and extent of the clearly foreseeable harm she had caused the numerous victims, or the need to protect the public against the risk she would commit similar financial crimes in the future.  Ultimately, I sentenced her to 96 months' imprisonment.

On appeal, petitioner argued that her sentence was procedurally defective because she did not receive advance notice that an upward departure was contemplated.  She also argued that the sentence was unreasonable because it punished her twice for the same conduct.  The Court of Appeals rejected these arguments

and affirmed the sentence.  See United States v. Brass, 527 Fed.
Appx. 70, 71-73 (2d Cir. 2013).

II. Legal Standard

To obtain relief under § 2255, a petitioner must show that
her "sentence was imposed in violation of the Constitution or
laws of the United States."  28 U.S.C. § 2255.  A claim is
cognizable under § 2255 if it involves a "fundamental defect
which inherently results in a complete miscarriage of justice."
Davis v. Hill, 417 U.S. 333, 346 (1974) (quoting Hill v. United
States, 368 U.S. 424, 428 (1962)).

A hearing is not required when allegations are "insufficient
in law, undisputed, immaterial, vague, conclusory, palpably false
or patently frivolous."  United States v. Seiser, 112 F.3d 507
(2d Cir. 1996) (citing United States v. Malcolm, 432 F.2d 809,
812 (2d Cir. 1970)).  To avoid summary dismissal, a motion under
§ 2255 "must contain assertions of fact that a petitioner is in a
position to establish by competent evidence."  United States v.
Aiello, 814 F.2d 109, 113-14 (2d Cir. 1987).

III. Discussion

A. Ineffective Assistance of Counsel

As her principal ground for relief, petitioner claims that,
for various reasons, she received ineffective assistance of
counsel in violation of the Sixth Amendment.

To obtain relief on an ineffective assistance of counsel
claim, petitioner must demonstrate that (1) her counsel's
performance fell below an objective standard of reasonableness
and (2) she suffered prejudice as a result of her counsel's
deficient performance.  Strickland v. Washington, 466 U.S. 668,
694 (1984).  To show prejudice, she "must show that there is a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different."
Id.

Petitioner first claims that her counsel failed to properly
investigate and introduce evidence of her legitimate trading
activity.  Had evidence of this type been provided, she argues,
the Court would not have formed the impression that she was a
predator who stole money from people close to her.  Instead, the
Court would have seen her as a legitimate investor who made a
series of mistakes under unfortunate circumstances.  This claim
is unavailing.  Even assuming petitioner's counsel was
constitutionally ineffective because he did not investigate or
introduce evidence of legitimate trading activity (I make no such

finding), petitioner cannot show prejudice as required by the second prong of <u>Strickland</u>.

Petitioner's counsel argued prior to and during the sentencing hearing that she was a legitimate trader who merely made some mistakes, but he chose not to highlight evidence of legitimate trading activity at the sentencing hearing.[1]  The Government's submissions prior to the hearing disclosed and discussed the same trading account statements petitioner now asks the Court to consider.  The account statements show trading activity involving a few thousand dollars.[2]  Had petitioner's counsel proffered and highlighted these account statements, the sentence would have been no different.

An above-Guidelines sentence was necessary in this case because of the scale of the fraud, the brazen, conscience-shocking nature of the criminal conduct, and its devastating

_____

[1] Petitioner points to a portion of the sentencing colloquy where the Court asked defense counsel whether there was any evidence of "[a]n actual investment made on behalf of an investor for the purpose of earning a return." Sent. Tr., 37:22-38:1. Defense counsel responded, "Nothing in the record, Your Honor, no." <u>Id.</u>  With the support of defense counsel's affidavit, the Government persuasively argues that counsel's decision to refrain from discussing evidence of petitioner's trading activity was strategic because he did not want to draw attention to additional money petitioner had solicited from other investors.  As discussed in the text, the Court was apprised of this evidence, and this portion of the sentencing colloquy was not material to the sentence imposed. Because petitioner cannot show prejudice, it is unnecessary to consider whether her counsel's performance was constitutionally deficient.

[2] Petitioner presents evidence that she had one trading account with approximately $200,000 in 2010. The Government has provided credible evidence, and petitioner has not disputed, that the funds in this account were not provided by the victims in this case.

impact on the victims.  The account statements do not detract from the unusually serious nature of the offense conduct and the need for an above-Guidelines sentence in order to impose just punishment and provide adequate specific deterrence.  Though petitioner denies that she has a propensity to prey on vulnerable victims, and she received credit for acceptance of responsibility, she has not shown true remorse for her crimes and the harm done to the victims.  At the sentencing hearing, her claim that she simply made bad personnel decisions and her suggestion that her victims would be well-advised to invest with her again showed that she was likely to re-offend, underscoring the need for an above-Guidelines sentence in order to adequately deter and incapacitate her.  Given these factors, petitioner cannot show that, but for her counsel's failure to provide and argue evidence of legitimate trading activity, the sentence would have been different.

Petitioner claims her counsel was ineffective because he failed to challenge the Government's seizure of evidence from her basement.  To the extent this claim is predicated on the theory that a motion to suppress should have been filed and litigated prior to negotiating the guilty plea, petitioner waived the claim

when she pleaded guilty.[3]   To the extent the claim is not

barred, it fails on the prejudice prong of <u>Strickland</u>.

Petitioner does not identify the evidence seized from her

basement and thus fails to show that, had a suppression motion

been filed, there is a reasonable probability the outcome would

have been different.  In fact, the Government presented a host of

evidence that could not have been collected from her basement:

records collected by Connecticut banking regulators; victim

depositions and testimony; documents obtained from victims,

including documents petitioner fabricated; emails petitioner sent

to victims; and excerpts of petitioner's depositions.

Petitioner claims that her counsel was ineffective in

failing to challenge the loss amount used to calculate the

guideline range.  Petitioner stipulated to a loss exceeding $1

million.  Despite petitioner's lengthy argument about why the

calculation was incorrect, it is not clear on what basis her

counsel could have made a challenge when she agreed to that loss

amount at the time.  In fact, her counsel did challenge the loss

amount in an objection to the presentence investigation report

but later withdrew the objection in light of the stipulation.  In

any event, the loss amount did not dictate the sentence and there

---

[3] As discussed in the text, petitioner challenges the validity of the plea in a separate claim, but that claim lacks an adequate basis.

is no reasonable probability the outcome would have been different if a lesser amount had been used to calculate the range.

Petitioner also claims her defense counsel rendered ineffective assistance in connection with the guilty plea, such that she did not knowingly and intelligently waive her right to a jury trial, because she was unaware of the risk her sentence could be enhanced. This claim is belied by the plain language of the plea agreement, which notified petitioner that the agreement's stipulations were not binding on the Court and the Government intended to seek sentencing enhancements. Petitioner attested to understanding the plea agreement at the time of the plea proceeding. "[S]worn testimony given during a plea colloquy 'carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made.'" United States v. Rivernider, 828 F.3d 91, 105 (2d Cir. 2016) (quoting United States v. Juncal, 245 F.3d 166, 171 (2001)). Petitioner has not provided a substantial reason to support a finding that she did not understand the risk of a higher sentence.

*B. Other Claims*

Petitioner also brings due process and Eighth Amendment claims. A § 2255 motion does not provide an opportunity to relitigate issues that were raised and considered on direct appeal. United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). If a defendant fails to raise a claim on direct appeal, she is barred from a collateral challenge on that basis unless she "establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." United States v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011).

Petitioner claims that "improper procedures" during the sentencing violated due process and her "harsh sentence" constitutes cruel and unusual punishment under the Eighth Amendment. These claims are barred because they were either raised and rejected on direct appeal or could have been raised but were not. See Brass, 527 Fed. App'x at 71-73.

Finally, petitioner claims that the Government failed to turn over exculpatory evidence in violation of due process under Brady v. Maryland, 373 U.S. 83 (1963). She did not bring this claim on direct appeal and offers no explanation for her failure to do so. She has not shown that she failed to bring the claim on appeal because, for example, she only recently became aware of the Government's alleged failure to comply with Brady in this case. See Murray v. Carrier, 477 U.S. 478, 492, 106 S. Ct. 2639, 2648,

10

91 L. Ed. 2d 397 (1986) (cause for procedural default on appeal ordinarily requires showing of some external impediment preventing counsel from constructing or raising claim). She has not identified any exculpatory evidence or shown that any such evidence was withheld by the Government. See <u>Morgan v. Salamack</u>, 735 F.2d 354, 358 (2d Cir. 1984) (Government is not required to disclose evidence of which it is not aware). Thus, this claim is also barred.

*C. Certificate of Appealability*

In a proceeding under § 2255, a certificate of appealability may issue "only if the applicant has made a substantial showing of a denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Under this standard, a certificate of appealability will not issue unless jurists of reason could debate whether the petition should have been resolved in a different manner or the issues are adequate to deserve encouragement to proceed further. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Petitioner has not made this showing, so a certificate of appealability will not issue.

IV. <u>Conclusion</u>

Accordingly, petitioner's § 2255 motion is hereby denied. The Court declines to issue a certificate of appealability. The Clerk will enter judgment dismissing the action.

So ordered this 29th day of September 2017.

                                       /s/RNC
                            Robert N. Chatigny
                            United States District Judge